Filed 3/13/24  P. v. Lyburtus CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062194 |
| v. | (Super. Ct. No. 16NF1922) |
| JOSEPH LYBURTUS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Lynne G. McGinnis and Brendon Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Joseph Lyburtus challenges the trial court's prima facie denial of his petition for resentencing of his conviction for attempted murder under Penal Code section 1172.6.[1] We conclude the record of conviction established Lyburtus failed to satisfy the conditions for relief under section 1172.6; we therefore affirm.

FACTS AND PROCEDURAL HISTORY

In an information, Lyburtus was charged with one count of attempted murder (§§ 187, subd. (a), 664, subd. (a) [count 1]), and two counts of assault with a deadly weapon (§ 245 subd. (a)(1) [counts 2 and 3]).[2] The information alleged sentencing enhancements for criminal street gang activity (§ 186.22, subd. (b)(1)) and personal infliction of great bodily injury (§ 12022.7, subd. (a)) as to the attempted murder and assault charges.

In August 2018, Lyburtus pled guilty to attempted murder and assault with a deadly weapon and admitted all sentencing enhancement allegations. The factual basis of Lyburtus's plea in the *Tahl* form[3] reads: "In Orange County, California, on 5/19/16, I unlawfully, *with the specific intent to kill*, attempted to murder Brandon T. a human being and *personally inflicted GBI on him*, he was not an accomplice in this offense. On that date, I also willfully and unlawfully committed assaults with a deadly weapon on Marcus H. and Jesus G., who were not accomplices and inflicted GBI on them. I committed all of these offenses for the benefit of Westside La Habra [gang], with the specific intent to furthur [*sic*], and assist in criminal conduct by gang members." (Italics added.)

---

[1] All further statutory references are to the Penal Code.

[2] One count of street terrorism (§ 186.22, subd. (a)) was dismissed by the court after the preliminary hearing.

[3] *In re Tahl* (1969) 1 Cal.3d 122.

The trial court and Lyburtus engaged in the following colloquy before the court accepted Lyburtus's plea:

"Q  On page 5 of 8 at line 34 at the bottom you made a statement about your involvement in the case.  Is that a true and accurate statement of your involvement?

"A  Yes, your Honor.

"Q  Going back to page 1 of the plea form it's alleged in count 1 that you violated Section 664-187 of the Penal Code, also known as attempted murder.  To that felony change how do you plea[d]; guilty or not guilty?

"A  Guilty.

"Q  *It's alleged that during the commission of that offense you inflicted great bodily injury on someone by the name of Brandon T.*  Is that true?

"A  Yes, your Honor."  (Italics added.)

The trial court sentenced Lyburtus to a total of 11 years in state prison: seven years for attempted murder, three years consecutive for the great bodily injury sentencing enhancement on that charge, and one year (one-third the middle term) consecutive for the assault in count two.  The court imposed a three-year concurrent term for the assault in count three and struck both the great bodily injury sentencing enhancements on counts 2 and 3 and the gang sentencing enhancements on all counts for purposes of sentencing.

In August 2022, Lyburtus, in propria persona, filed a petition for resentencing pursuant to section 1172.6.  The trial court appointed the public defender to represent Lyburtus.

After further briefing, the court summarily denied Lyburtus's petition: "The Court has reviewed the handwritten petition, the court minutes, the information/charging documents, abstract of judgment, the Tahl form/plea of guilty and the briefs of all the parties.  [¶]  There has been no showing of a prima facie case that petitioner was convicted under any now-void legal theory of attempted murder as

3

described in section 1170.95 of the Penal Code, now section 1172.6 of the Penal Code. [¶] In support of his plea, defendant admitted he acted with the intent to kill. Defendant admitted he personally inflicted great bodily injury on Brandon T. (victim of the attempted murder charge) and personally inflicted injury on two other individuals (victims of two separate felony assaults). [¶] The plea was very specific and in no way vague or ambiguous. The defendant admitted to acting with the intent to kill, the intent necessary for attempted murder. Defendant's plea is consistent with the requirements under current law for an attempted murder conviction. Defendant's admissions to personally inflicting great bodily injury on three victims supports a finding that he admitted more than just the statutory language for attempted murder. Furthermore, defendant's plea did not involve a 'no contest' plea or a plea without admitting any crimes. By contrast, defendant's admissions were detailed, specific and leave no room for speculation. [¶] Defendant was charged alone and there was no reference to any other perpetrator in the case. Additionally, there was never any reference to the natural and probable consequence theory or aiding and abetting anyone else. This was not a felony-murder case either. [¶] The Court finds that defendant is ineligible as a matter of law. [¶] The petition is denied."

Lyburtus timely filed a notice of appeal.

DISCUSSION

I.

STANDARD OF REVIEW

"We review de novo an order denying a section 1172.6 petition at the prima facie review stage. [Citations.] Although at that stage a court presented with a section 1172.6 petition may not engage in factfinding that requires weighing evidence or exercising discretion, the court may consider jury instructions, jury verdicts, and other documents that are part of the record of conviction to determine whether the petitioner satisfies the conditions for relief." (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1170.)

4

"[T]he prima facie inquiry . . . is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, '"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause."'  [Citations.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'  [Citations.]  'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'"  (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

## II.

### RELEVANT LEGAL AUTHORITY

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) amended existing law on accomplice liability for murder "'"to ensure that murder liability is not imposed on a person who is not the actual killer . . . ."'"  (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417.)  To accomplish this goal, Senate Bill 1437 limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder, to ensure a person's sentence is commensurate with his individual criminal culpability.  (*Lewis, supra*, 11 Cal.5th at p. 971.)

Senate Bill 1437 also authorized an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime.  (See *Lewis, supra*, 11 Cal.5th at pp. 959–960.)

Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775) extended to "persons who were convicted of attempted murder . . . under . . . the natural [and]

5

probable consequences doctrine . . . the same [resentencing] relief as those persons convicted of murder under the same theor[y]." (Stats. 2021, ch. 551, § 1, subd. (a).) Senate Bill 775 also clarified the burden of proof at a section 1172.6 hearing is beyond a reasonable doubt. (§ 1172.6, subd. (d)(3).)

"Attempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing." (*People v. Lee* (2003) 31 Cal.4th 613, 623.) An intent to kill is shown if the defendant either desires the death of the victim or knows to a substantial certainty that death will occur as the result of the defendant's action. (*People v. Smith* (2005) 37 Cal.4th 733, 739.)

III.

ANALYSIS

Although a defendant may no longer be held liable for attempted murder based on the natural and probable consequences doctrine, under current law, a "sole and actual perpetrator of the attempted murder . . . is ineligible for resentencing as a matter of law." (*People v. Patton* (2023) 89 Cal.App.5th 649, 657, review granted June 28, 2023, S279670.) Thus, the question here is whether the record of conviction shows, as a matter of law, Lyburtus was the sole and actual perpetrator of the attempted murder of Brandon T.

Neither the amended information nor the plea form contains any reference to the natural and probable consequences doctrine or any other theory of imputed or vicarious liability. The information alleges only Lyburtus was involved in the attempted murder and assaults; Lyburtus acted "with the specific intent to kill" victim Brandon T.; and Lyburtus "personally inflicted great bodily injury" on Brandon T. Lyburtus admitted in his guilty plea that he attempted to murder Brandon T. with the specific intent to kill by personally inflicting great bodily injury on him. In his colloquy with the court regarding his guilty plea, Lyburtus admitted he committed great bodily injury on the victim "during the commission" of the attempted murder. Because section 1172.6

6

"applies by its terms only to attempted murders based on the natural and probable consequences doctrine" (*People v. Coley* (2022) 77 Cal.App.5th 539, 548), the lack of reference to the natural and probable consequences doctrine anywhere in the record of conviction places this case outside section 1172.6.

*People v. Fisher* (2023) 95 Cal.App.5th 1022 supports our conclusion. The defendant pled guilty to two counts of murder and one count of attempted murder. (*Id.* at p. 1024.) At the plea colloquy, the prosecutor summarized the facts as follows: "'On March 31, 1983, it's alleged that you entered an apartment at 910-1/2 West 94th Street, and that during that evening, events took place where you eventually shot and killed Richard Harrison, a gentleman named in Count I, and that you shot and killed a lady by the name of Dabney in Count II, and that you shot and injured a lady by the name of Debra Thomas, the lady in Count III.'" (*Id.* at p. 1025.) The defendant stated he understood the charges against him and agreed the prosecutor had accurately summarized the crimes. (*Ibid.*)

Based on the transcripts of the plea hearing and the sentencing hearing and the probation report, the trial court summarily denied the defendant's later section 1172.6 petition: "'Petitioner was the sole defendant and actual shooter in this matter, acting with specific intent required for a conviction pursuant to Penal Code sections 187(a) and 664-187(a) and personally discharging a firearm causing death and great bodily injury. Therefore, petitioner/defendant is ineligible for resentencing pursuant to Penal Code [s]ection 1170.95.'" (*People v. Fisher, supra*, 95 Cal.App.5th at p. 1026.) Fisher's admission he was the direct perpetrator of the crimes meant he could not have been convicted under the natural and probable consequences doctrine. (*Id.* at p. 1029.)

Similarly, in *People v. Saavedra* (2023) 96 Cal.App.5th 444, another panel of this court affirmed the summary denial of the defendant's section 1172.6 petition based solely on the language in the defendant's guilty plea to three counts of attempted murder. The defendant's admission he "'attempted to murder'" three people by

7

"'personally discharging a firearm at the vehicle'" in which they were riding established he was the actual shooter and was not convicted based on a theory of vicarious liability. (*People v. Saavedra, supra*, at p. 448.)

Further, Lyburtus admitted the personal infliction of great bodily injury allegation made in connection with the attempted murder count pursuant to section 12022.7, subdivision (a). Section 12022.7, subdivision (a) states: "Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years." By enacting section 12022.7, "the Legislature intended to impose an additional penalty for causing great bodily injury *only on those principals who perform the act that directly inflicts the injury*, and one who merely aids, abets, or directs another to inflict the physical injury is not subject to the enhanced penalty of section 12022.7." (*People v. Cole* (1982) 31 Cal.3d 568, 571, italics added; see *People v. Slough* (2017) 11 Cal.App.5th 419, 423.) Thus, Lyburtus's guilty plea admitted he had personally and directly inflicted great bodily injury on victim Brandon T. and did not merely aid and abet someone else. Lyburtus, by his own admission, was a direct perpetrator of the attempted murder.

In the trial court, Lyburtus relied on three cases—*People v. Davenport* (2021) 71 Cal.App.5th 476, *People v. Enyon* (2021) 68 Cal.App.5th 967, and *People v. Rivera* (2021) 62 Cal.App.5th 217—each of which is distinguishable.

In *People v. Davenport, supra*, 71 Cal.App.5th at page 479, the trial court summarily denied the defendant's petition for resentencing based on facts stated in the transcript of the preliminary hearing. The appellate court reversed the trial court's order because the defendant had not stipulated the preliminary hearing facts supplied a basis for

8

his guilty plea. Here, by contrast, the trial court's prima facie denial of the resentencing petition was based on Lyburtus's own admissions in his written guilty plea.[4]

In *People v. Enyon, supra*, 68 Cal.App.5th at page 979, the appellate court held the defendant was prima facie eligible for resentencing relief where he admitted he was guilty "on an unspecified theory, of a premeditated and deliberate murder [but] did not admit that *he acted with* premeditation, deliberation, or intent to kill." (*Id.* at pp. 970–971.) At the change of plea hearing, the prosecutor noted the theory of murder as to defendant Enyon was "'felony murder, first-degree murder theory.'" (*Id.* at p. 971.) All sentencing enhancement allegations, including an enhancement for personal use of a firearm, were dismissed. (*Ibid.*) Unlike Enyon, Lyburtus admitted he had the "specific intent to kill" and made factual admissions regarding the personal infliction of great bodily injury that rendered him ineligible for relief.

And in *People v. Rivera, supra*, 62 Cal.App.5th at page 224, the appellate court held "a defendant who entered a plea to murder 'with malice aforethought' is not categorically incapable of making a prima facie showing of eligibility for [resentencing] relief." Unlike the case before us, the defendant in *People v. Rivera* neither admitted he had acted "with the specific intent to kill" nor admitted he had personally inflicted great bodily injury on the victim in his guilty plea.

---

[4] *People v. Das* (2023) 96 Cal.App.5th 954 is similar to *People v. Davenport*. In *People v. Das*, at the hearing on the defendant's change of plea, the prosecutor provided a statement as the factual basis for the plea, which the trial court accepted without asking the defendant or his attorney if the defendant stipulated to the factual basis. (*People v. Das, supra*, at p. 957.) Because the defendant "did not . . . stipulate to the stated factual basis or otherwise admit the truth of the facts recited by the prosecutor," there was no basis to prima facie reject the defendant's section 1172.6 petition. (*People v. Das, supra*, at p. 961.)

9

DISPOSITION

The postjudgment order is affirmed.


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


DELANEY, J.

10